IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17-CR-22 |
| vs. | |
| JAMES NARVAEZ, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's *pro se* motion for compassionate release (filing 82) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the supplemental motion (filing 89) filed by the Federal Public Defender. After careful consideration, the Court will deny the defendant's motion.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2),[1] the Court must also find that the defendant is not a danger to the safety of any other

---

[1] Section 1B1.13 has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

person or to the community.

The defendant has exhausted his administrative remedies, 30 days having passed since his request for release was presented to the warden of his institution. Filing 90-1; *see Jenkins*, 2020 WL 2814437, at \*2.[2] But while the defendant's medical condition may or may not result in additional vulnerability to COVID-19, his situation is not compelling, and that in combination with the § 3553(a) factors weigh against release.

The defendant's motion relies on asthma: he alleges that he "has asthma and is prescribed an inhaler for daily breathing issues." Filing 82 at 3. The evidence supporting that is a reference in the BOP medical records to "asthma" that was "resolved" as of November 14, 2017 but "current" as of January 18, 2018. Filing 90-2 at 1. There is little information about the severity of the defendant's condition. And evidence of any relationship between asthma and severe COVID-19 disease is at best mixed. *E.g.* Elisa Haroun-Díaz *et al.*, *Severe asthma during the COVID-19 Pandemic: Clinical Observations*, J. of Allergy and Clinical Immunology: In Practice (Jun. 27, 2020), https://doi.org/10.1016/j.jaip.2020.06.033; Manon Grandbastien *et al.*, SARS-CoV-2 pneumonia in hospitalized asthmatic patients did not induce severe

---

[2] The Court finds no merit to the government's suggestion that a prisoner must prove exhaustion of his administrative appellate remedies even when 30 days have passed since his request for compassionate release was presented to the warden of his institution. *See* filing 84 at 8. As the Court has explained, the plain language of § 3582(c)(1)(A) permits a prisoner to move the Court for compassionate release after "either (1) the defendant has fully exhausted all administrative rights to appeal or (2) the lapse of 30 days from the receipt of such a request by the warden," and "the statute doesn't say that the second option evaporates if the warden happens to deny the prisoner's request before 30 days is up." *Jenkins*, 2020 WL 2814437, at \*2. Here, the defendant's request was denied on May 26, 2020, and it's now more than 30 days later. That's all the exhaustion the law requires. *See id.*

exacerbation, J. of Allergy and Clinical Immunology: In Practice (Jun. 27, 2020), https://doi.org/10.1016/j.jaip.2020.06.032; Reynold A. Panettieri Jr. *et al.*, Asthma and COVID: What Are the Important Questions?, J. of Allergy and Clinical Immunology: In Practice (Jun. 22, 2020), https://doi.org/10.1016/j.jaip.2020.06.008; Marcus W. Butler *et al.*, Prevalence of comorbid asthma in COVID-19 patients, J. of Allergy and Clinical Immunology (Jun. 20, 2020), https://doi.org/10.1016/j.jaci.2020.04.061.[3]

But even assuming some additional risk as a result of asthma, the Court finds little in the § 3553(a) factors weighing in favor of release. The defendant has completed only about 3½ years of a 10-year term of imprisonment. Filing 75. The defendant's persistent possession of firearms is particularly concerning. *See* filing 71 at 7-9. In the end, rather than being "extraordinary and compelling," the defendant's case is, unfortunately, mine-run. Accordingly,

> IT IS ORDERED that the defendant's motion for compassionate release (filing 82) and supplemental motion (filing 89) are denied.

Dated this 30th day of July, 2020.

BY THE COURT:

*[signature]*
John M. Gerrard
Chief United States District Judge

---

[3] The Court recognizes that some researchers have found evidence for a potential, preliminary distinction between allergic and non-allergic asthma. *See* Zhaozhong Zhu *et al.*, *Association of asthma and its genetic predisposition with the risk of severe COVID-19* (Jun. 6, 2020), https://doi.org/10.1016/j.jaci.2020.06.001. But as noted above, the record isn't developed with respect to the severity of the defendant's condition, much less its cause.